United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alfredo Villoldo et al., Plaintiffs-Petitioners, <br><br> v. <br><br> Bank of America, N.A., Defendant-Respondent. | ) <br> ) <br> ) <br> ) Civil Action No. 22-23502-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order

This matter is before the Court upon the Plaintiffs' petition to remand these proceedings to the Eleventh Judicial Circuit Court of Florida. (**ECF No. 13**.) It has been fully briefed and is ripe for review. (ECF Nos. 13, 22, 24.) The Court **grants** the petition for the reasons set forth below.

The long history behind this litigation need not be recounted for purposes of ruling on the Plaintiffs' petition. What matters is that the Plaintiffs secured a judgment against the Republic of Cuba and that they sought to enforce it in State court through proceedings supplementary to execution instituted under Fla. Stat. § 56.29. (ECF No. 1-3 at 3.) The Plaintiffs requested that the State court implead Bank of America, N.A. ("BANA") into those proceedings because it apparently holds property against which the judgment may be enforced. BANA responded by removing the proceedings to this Court, and separately moving this Court to transfer this matter to the Southern District of New York, which previously dealt with aspects of this litigation.

Now, the question before the Court is whether removal was proper. Federal courts are ones of limited jurisdiction and the removal statute—which must be strictly construed—only allows for the removal of "civil actions." *See* 28 U.S.C. § 1441; *Martinez v. Republic of Cuba*, 708 F. Supp. 2d 1298, 1301 (S.D. Fla. 2010) (Moreno, J.). While the Plaintiffs say that these proceedings are merely ancillary to the original suit, BANA argues that *Jackson-Platts v. General Electric Capital Corporation* supports removal of these proceedings as a "civil action" of their own. 727 F.3d 1127 (11th Cir. 2013).

In *Jackson-Platts*, the Eleventh Circuit recognized that "actions are not ancillary and are instead independent civil actions when they are in effect suits involving a new party litigating the existence of a new liability." *Id.* at 1134. BANA says that these proceedings involve "new parties" and "new liabilities" because the Plaintiffs will likely seek to enforce their judgment against accounts held in the names of agencies and instrumentalities of Cuba. Yet,

BANA admits its ignorance as to which "new parties"[1] are at play and what the "new liabilities" against them are. (*See* ECF No. 22 at 7.) Importantly, too, the Court notes that the judgment subject to enforcement was also issued against Fidel Castro, Raul Castro, the Cuban Ministry of the Interior, and the Cuban Army. (ECF No. 1-2 at 29.) Neither party has made clear whether any of the targeted accounts are held in the name of any of these other judgment debtors.

The lack of clarity is a result of BANA's own making. It filed for removal before the Plaintiffs could file a motion for turnover in State court. (ECF No. 24 at 7 n.9). So, BANA's arguments are based on its anticipations as to which accounts the Plaintiffs may—but have not yet—actually pursued. It is against this backdrop that BANA asks the Court to find that these proceedings are effectively their own lawsuit "based on a completely different factual matrix[,]" as was the case in *Jackson-Platts*. 727 F.3d at 1131.

However, much of the language in *Jackson-Platts* stems from the fact that the proceedings supplementary there involved third parties that were said to have illicitly received funds to help the judgment debtors evade execution. This means that those proceedings supplementary arose under a different section of Fla. Stat. § 56.29, which governs fraudulent transfers and guarantees a jury trial.[2] *Id.* at 1138-39. It is easy, then, to see how *Jackson-Platts* involved a separate "civil action."

By contrast, here, no allegations of fraudulent transfer are at play. And no "new parties" or "new liabilities" have actually been joined in issue—or at least, not yet. So, the Court has no basis upon which to find that these proceeding supplementary were properly removed. To be sure, not all supplementary proceedings are removable. *See Davis v. Evanston Ins. Co.*, 2:22-CV-640-JLB-KCD, 2022 WL 17414253, at *1 (M.D. Fla. Dec. 5, 2022) (denying removal of proceedings supplementary); *Walton v. St. Paul Fire & Marine Ins. Co.*, 17-61391-CIV, 2018 WL 5098833, at *2 (S.D. Fla. Sept. 4, 2018) (Dimitrouleas, J.) (same).

Thus, without a concrete basis upon which to ascertain whether "new parties," "new liabilities," and "a completely different factual matrix" are at play, the Court **grants** the petition for remand. (**ECF No. 13.**) And because these proceedings do not presently constitute a "civil action," the Court need not consider whether *Martinez* would otherwise require dismissal.

---

[1] The Court rejects BANA's suggestion that the language in the Plaintiffs' notice to appear that references Fla. Stat. § 56.29(6) is a valid basis upon which to assert the existence of a "new liability" in the sense of *Jackson-Platts*.

[2] This provision is now found at Fla. Stat. § 56.29(3) but appears to have been codified at § 56.29(6) at the time *Jackson-Platts* was decided.

      The Court declines the Plaintiffs' request for costs and will not require BANA to pay the Plaintiffs' costs and expenses in connection with removal.

      The Clerk is instructed to remand this matter back to the Eleventh Judicial Circuit Court of Florida and to close this case. Any pending motions are denied as moot.

      **Done and ordered** in Miami, Florida, on January 18, 2023.

                                                      Robert N. Scola, Jr.
                                                 United States District Judge